**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| **LAURA WALLICH,**<br> Plaintiff,<br><br>vs.<br><br>**HUNTER WARFIELD; and DOES 1**<br>**through 10, inclusive,**<br> Defendant. | **Civil Action No.:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, Laura Wallich, an individual consumer, against Defendant, Hunter Warfield, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.  JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III. PARTIES

3.  Plaintiff, Laura Wallich, is a natural person with a permanent residence in Milwaukee, Milwaukee County, Wisconsin 53221.

4.  Upon information and belief the Defendant, Hunter Warfield, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal

1

place of business located at 4620 Woodland Corporate Blvd., Tampa, Hillsborough County, Florida 33614. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Plaintiff has notified Defendant on several occasions that the alleged debt does not belong to her and instructed Defendant to stop calling her.

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, has continued to attempt to communicate with Plaintiff after being told that the alleged debt does not belong to her and ignored Plaintiff's repeated requests to stop calling.

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff by leaving a voicemail

2

communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

10. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

11. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

12. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

13. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by misleading and harassing Plaintiff.

## V. CLAIM FOR RELIEF

14. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

 (a) Defendant violated *§1692b(3)* of the FDCPA by calling a third party more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

 (b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

3

(c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Laura Wallich, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Hunter Warfield, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

4

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under

the law.

F.  For such other and further relief as the Court may deem just and proper.

### VI. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, Laura Wallich, demands trial by jury in this action.

DATED: February 21, 2013

RESPECTFULLY SUBMITTED,

By: /s/Michael S. Agruss
Michael S. Agruss, Esq.
**Agruss Law Firm, LLC**
22 W. Washington St.
Suite 1500
Chicago, IL 60602
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
*Attorney for Plaintiff,*
*Laura Wallich*

5